IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                      Case No. 2:20-cr-20017-001

MANUEL DE JESUS PEREZ-
ECHEVERRIA                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Such a hearing was conducted on March 10, 2021, and, pursuant to a written Plea Agreement, the Defendant entered a plea of guilty to Count One of the First Superseding Indictment charging the Defendant with knowingly and intentionally conspiring to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846.  If the Court accepts this Plea Agreement, once the Court has pronounced sentence, the United States will move to dismiss the remaining counts pending against the Defendant and the Forfeiture Allegation as it pertains to the Defendant.

The Plea Agreement states, inter alia, that the Defendant agrees to forfeit any and all interest that he may have in the Maverick Arms model 88 shotgun, serial no. MV0455339, seized by the FBI on September 10, 2020, and agrees to consent to and not to contest in any manner the administrative forfeiture of this asset.  Defendant acknowledges that this asset is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.  Defendant agrees to execute any and all

documents requested by the United States to facilitate or complete the forfeiture process(es.) Defendant further agrees not to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.  The United States agrees not to seek any further criminal forfeitures pursuant to the Forfeiture Allegation of the Superseding Indictment.

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

1.  The Defendant, after consultation with his counsel, has knowingly and voluntarily consented, both in writing and on the record at the hearing, to the entry of his guilty plea before the undersigned, with the plea being subject to final approval by U. S. District Judge P. K. Holmes, III.

2.  The Defendant and the Government have entered into a written Plea Agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the Plea Agreement be filed.

3.  The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of the guilty plea; the Defendant is fully satisfied with his counsel and has had sufficient time to consult with him; and, the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

4.  The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

5.  The parties were informed, both in writing and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and

Recommendation.  To expedite acceptance of the guilty plea, the parties waived, both on the record and in writing, their right to file objections.

Based on the foregoing, the undersigned recommends that the guilty plea be accepted and that the written Plea Agreement be tentatively approved, subject to final approval at sentencing.

DATED: March 11, 2021


/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE