IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF/RESPONDENT

V.                              CASE NO. 2:20-CR-20017-TLB-1

MANUEL DE JESUS PEREZ-ECHEVERRIA                          DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Defendant/Movant's *pro se* Motion for a Reduction of Fine. (ECF No. 756). No response from the United States has been directed, and none is required. The Motion has been referred to the undersigned for report and recommendation. For the reasons discussed below, it is RECOMMENDED that the Motion (ECF No. 756) be DENIED.

### I.      BACKGROUND

The Defendant/Movant, Manuel De Jesus Perez-Echeverria ("Perez"), was named in a multi-count, multi-defendant Indictment issued on August 26, 2020, by the Grand Jury for the Western District of Arkansas. (ECF No. 1). Perez was charged with Conspiracy to Distribute Methamphetamine (Count One), two counts of Money Laundering (Counts Thirteen and Fourteen), and Possession of a Firearm in Furtherance of a Drug Trafficking Offense (Count Fifteen). *Id*. Perez was arraigned on September 15, 2020. (ECF No. 92). He entered a not guilty plea to the Indictment, and counsel, Kenneth L. Osborne, was appointed to represent him. *Id*.

A Superseding Indictment was issued on October 7, 2020. (ECF No. 166). In addition to restating the charges brought against Perez in the original Indictment, the Superseding Indictment added a second charge of Possession of a Firearm in Furtherance of a Drug Trafficking Offense (Count Sixteen). *Id*. Arraignment on the Superseding Indictment was held on October 15, 2020, and Perez entered a not guilty plea to the Superseding Indictment. (ECF No. 219).

1

An attempt by Perez to fire his court-appointed counsel was unsuccessful. (ECF Nos. 308, 317, 318). Perez then appeared with his court-appointed counsel for a change of plea hearing on March 10, 2021. (ECF No. 373). Pursuant to a written Plea Agreement, Perez entered a plea of guilty to Count One of the Superseding Indictment charging him with Conspiracy to Distribute Methamphetamine. (ECF Nos. 373, 374, 706).

The United States Probation Office prepared an initial Presentence Investigation Report ("PSR") on April 28, 2021. (ECF No. 406). On May 25, 2021, Perez, through his appointed counsel, made 112 objections to the PSR. (ECF No. 422). Then, apparently concerned that his numerous objections might result in a loss of reduction for acceptance of responsibility (*see* ECF No. 423), Perez withdrew all but five of his objections on October 15, 2021. (ECF No. 624).

Sentencing was held on October 22, 2021. (ECF Nos. 642, 685). One of Perez's objections to the PSR concerned the report of a Maverick Arms 12-guage shotgun, which Perez contended was not his. (ECF No. 422, ¶ 98). Perez also objected to the two-level enhancement for maintaining premises for either drug manufacturing or distribution or both. (*Id*., ¶¶ 101, 105). The Court directed the Probation Officer to revise the PSR to reflect that according to Perez, the shotgun did not belong to him and was not possessed by him. (ECF No. 685, p. 10). Regarding the two-level enhancement for maintaining premises for either drug manufacturing or distribution or both, the Government announced that it was conceding the objection, so the Court directed a revision of the PSR to delete the enhancement. *Id*., p. 11. That left for resolution the two objections related to references to Perez's contact with a 12-year-old minor. *Id*., p. 12. Perez maintained his objection to the unnamed female ("UF") being characterized as age 12 because in the intercepted communications between Perez and the UF she stated that she was age 17. *Id*., pp. 13-14. The Government argued that the details concerning the UF should remain in the PSR and be considered

by the Court under the 18 U.S.C. § 3553(a) sentencing factors. *Id.*, pp. 18-19. The Court found that the paragraphs objected to will remain in the PSR, but "in terms of weighting for 3553(a) purposes, the Court will proceed with the understanding that it's the defendant's position that he thought he was speaking to a 17-year-old and had no idea he was speaking in reality to a 12-year-old." *Id.*, p. 20. With all of Perez's PSR objections disposed of, the Court explained the various factors that the Court considered in its analysis of what an appropriate sentence should be, *Id.*, pp. 21-26, and the Court heard argument from counsel, *Id.*, pp. 26-45. Perez chose not to exercise his right to allocution. *Id.*, p. 46.

The Court began its sentencing analysis by stating that the guideline range was life imprisonment but noting that "[n]either party here is seeking a life sentence." (ECF No. 685, p. 46). Then, after addressing the § 3553(a) factors in detail - including aggravating and mitigating factors - the Court varied downward from life imprisonment to impose a sentence of 360 months imprisonment, with supervised release for a term of five years. *Id.*, p. 72.

Regarding a fine, the PSR advised that the guideline range for a fine was $50,000 to $10,000,000. (ECF No. 406, ¶ 626). The Court commented on paragraph 612 of the PSR which reported that Perez had no assets or liabilities, which the Court thought "odd" given that Perez's residence had been described as a ranch. (ECF No. 685, p. 74). But accepting that paragraph 612 was accurate, the Court concluded that Perez did not have the ability to pay a guideline range fine. *Id*. The Court explained its decision to impose a below-guidelines fine:

> The Court nevertheless believes that over the course of the next 30 years or so, that Mr. Perez will have the ability to be employed by the Bureau of prisons, and from those earnings, he can make payments towards a fine, therefore, the Court is going to impose a fine in the sum of $20,000. *Id.*

3

The Court also noted the guidelines fine range of $50,000 to $10,000,000 and its decision to impose a below-guidelines fine "because of inability to pay" in its Statement of Reasons. (ECF No. 650).

Judgment was entered on October 26, 2021. (ECF No. 649). Perez pursued a direct appeal, his counsel arguing in an *Anders*[1] brief that the Court imposed a substantively unreasonable sentence. (ECF No. 712-2, p. 2). Perez did not file a *pro se* supplemental brief. In an Opinion issued on April 25, 2022, the Court of Appeals for the Eighth Circuit affirmed Perez's conviction and sentence. (ECF Nos. 712-1, 712-2).

Perez did not file a motion under 28 U.S.C. § 2255 to challenge the validity of his conviction or sentence, and the time to do so has now passed. *See* 28 U.S.C. § 2255(f)(1) (one-year period of limitation, running from the date on which the judgment of conviction becomes final); *Clay v. United States*, 537 U.S. 522, 525 (2003) (for the purpose of starting the clock on § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction); Sup. Ct. R. 13(1) (petition for writ of certiorari is to be filed within 90 days after entry of judgment by the court of appeals).

Instead, Perez has filed his *pro se* Motion for a Reduction of Fine. (ECF No. 756). He states that he does not have sufficient funds to pay the fine, and he argues that the fine constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *Id*. He also seeks the appointment of counsel to represent him (ECF No. 755), and he wants a copy of the transcript of his sentencing hearing (ECF No. 753).

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

4

## II. DISCUSSION

### A. Motion to Reduce Fine

The Court properly considered Perez's inability to pay a fine at the sentencing hearing and imposed a below-guidelines fine. There is no basis, legal or factual, to support a reduction of the fine imposed. For the reasons discussed below, Perez's Motion for a Reduction of Fine (ECF No. 756) should be denied.

U.S.S.G. § 5E1.2(a) (2018), in effect at the time of Perez's sentencing, provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Among the factors a court is to consider in determining the amount of the fine, is "any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources." U.S.S.G. § 5E1.2(d)(2) (2018).

18 U.S.C. § 3572(a) also sets forth the factors to be considered by a court in determining whether to impose a fine, the amount, time for payment, and method of payment, and these factors include a defendant's income, earning capacity, and financial resources, and the burden that the fine will impose upon the defendant and any dependents.

In the "Financial Condition: Ability to Pay" section of the PSR, it was reported that Perez had court-appointed counsel, that Perez noted no assets or liabilities, and an Equifax credit inquiry report revealed no information. (ECF No. 406, ¶ 612). The Probation Officer stated:

> It appears the defendant has no assets that could be easily liquidated to pay a fine. *If incarcerated, the defendant could work and make payments toward a fine through the BOP Inmate Financial Responsibility Program.* It is also believed the defendant will be deported following any term of imprisonment in this case.

*Id.*, ¶ 613 (emphasis added). While initially making 112 objections to the PSR, Perez did not object to this information. Nor at sentencing did he present any evidence to further establish his inability to pay a fine, or his inability to make payments toward a fine while incarcerated.

Accepting that the information in the PSR was accurate, the Court did consider Perez's ability to pay a fine, including his ability to pay a fine over time, finding Perez unable to pay a guideline range fine ($50,000 to $10,000,000), but "over the course of the next 30 years or so, that Mr. Perez will have the ability to be employed by the Bureau of Prisons, and from those earnings, he can make payments towards a fine," and the Court imposed a below-guidelines fine of $20,000. Perez did not object to these findings or the imposition of the $20,000 fine at sentencing, nor did he specifically raise the issue on direct appeal.

18 U.S.C. § 3572(c) concerns the finality of judgment, noting that notwithstanding the fact that a sentence to pay a fine can subsequently be modified or remitted under limited circumstances, "a judgment that includes such a sentence is a final judgment for all other purposes." As set forth in § 3572(c), the limited circumstances allowing for modification or remission of a fine are: (1) modification or remission under § 3573; (2) correction under Fed. R. Crim. P. 35 and § 3742; and (3) appeal and modification under § 3742. None of these circumstances apply to support a reduction of the fine imposed on Perez. First, any modification or remission of a fine under 18 U.S.C. § 3573 requires a petition from the Government showing that reasonable efforts to collect the fine are not likely to be effective, and no such petition has been filed by the Government in this case. Second, Fed. R. Crim. P. 35(a) allows for the correction of arithmetical, technical, or other clear error within 14 days after sentencing, and Fed. R. Crim. P. 35(b) permits sentencing reduction for substantial assistance, neither of which apply to Perez. And third, no modification to the fine

resulted on appeal under 18 U.S.C. § 3742. There are no other legal avenues to pursue the reduction of a fine.

Further, similar fines have been upheld in similar cases. *See, e.g., United States v. Harper*, 787 F.3d 910 (8th Cir. 2015) (district court did not plainly err when imposing a $20,000 fine at the low end of the guidelines range upon defendant also sentenced to 121 months imprisonment); *United States v. Davis*, 317 F. App'x 572 (8th Cir. 2009) (below-guidelines fine upheld for defendant sentenced to 262 months imprisonment); and *United States v. Kelley*, 861 F.3d 790 (8th Cir. 2017) (district court did not clearly err in determining that defendant would, at some point, be able to pay a special assessment under the Justice for Victims of Trafficking Act, despite fact that PSR reported a slightly negative net worth at sentencing).

Finally, as noted in *Kelley*, fines and fees trigger additional protections, and a defendant cannot be punished with imprisonment for his failure to pay a fine, and he can assert his indigence at future enforcement proceedings. 861 F.3d at 801. *See also Lincoln v. United States*, 12 F.3d 132, 133 (8th Cir. 1993) (constitutional safeguards protect an indigent defendant at the time of enforcement proceedings because an individual cannot be punished by incarceration or reincarceration merely for inability, without fault, to pay a fine). These protections, however, do not provide a legal basis for the reduction of Perez's fine at this time.

Accordingly, Perez's Motion for a Reduction of Fine (ECF No. 756) should be denied.

### B. Motion to Appoint Counsel and for Transcript of Sentencing

Perez also seeks the appointment of counsel to represent him (ECF No. 755), and he wants a copy of the transcript of his sentencing hearing (ECF No. 753). As it is recommended that his Motion for a Reduction of Fine be denied, there will be no pending motion before the Court, and his Motion for Appointment of Counsel should be denied as moot.

Further, Perez is not entitled to a copy of all documents in his case to go on a fishing expedition in the hope of discovering a flaw in the proceedings which would entitle him to make collateral attack on the judgment. *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964); see also *United States v. Herrera-Zaragosa*, 84 F. App'x 728, 729 (8th Cir. 2004) (affirming district court order denying defendant's request for transcripts and other court documents prior to the filing of a 28 U.S.C. § 2255 motion); *Jennings v. United States*, 2010 WL 3200109 (E.D. Cal. Aug. 12, 2010) (denying defendant's request for documents, which included judgment and sentence, presentence report, and transcripts, as defendant failed to explain why the requested documents were specifically needed in relation to his pending § 2255 motion or what specifically he expected to find to show that his request was not merely a fishing expedition); *United States v. Wilson*, 2007 W.L. 4198210, *1 (S.D. Ill. Nov. 26, 2007) (denying defendant's motion for a free copy of the docket sheet, the indictment and his guilty plea and sentencing transcripts where he had no pending matter before the Court, and noting that, "Defendants have no constitutional right to a complimentary copy of any document in their court file"). Perez's request for a transcript of his sentencing hearing should be denied.

### III. CONCLUSION

For the reasons and upon the authorities discussed above, it is RECOMMENDED that Perez's Motion for a Reduction of Fine (ECF No. 756) be DENIED. It is also RECOMMENDED that Perez's Motion for Appointment of Counsel (ECF No. 755) and his Motion for Sentencing Transcript (ECF No. 753) be DENIED.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of August 2024.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE